IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–00809–EWN–BNB

JOYCE MONTABON,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER and
THE TREASURY DIVISION, an agency of The City and County of Denver,

    Defendants.

---

### ORDER AND MEMORANDUM OF DECISION
---

This was a Title VII and Americans with Disabilities Act ("ADA") case. Plaintiff Joyce Montabon alleged that Defendant City and County of Denver[1] discriminated against her based upon her disabilities and sex, retaliated against her, and violated a consent decree from a different action. This court entered final judgment on August 31, 2004 in favor of Defendant and against Plaintiff. This matter is before the court on (1) "Plaintiff's Rule 54 Motion to Review Judgment Costs and Final Judgment Order," filed September 20, 2004, (2) "Plaintiff's Rule 60 Motion for Relief from Judgment or Order," filed September 20, 2004, and (3) Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11," filed October 14, 2004. Jurisdiction is based on 28

---

[1] Plaintiff originally named the City and County of Denver and its Treasury Division as separate Defendants. Since the parties refer to both Defendants as one Defendant in the singular, I shall also refer to both Defendants in the singular.

U.S.C. § 1331 (2004).

## *1. Procedural History*

Plaintiff, represented by counsel, filed her complaint against Defendant on May 2, 2003, asserting that Defendant discriminated against her based upon her disabilities and sex, retaliated against her, and violated a consent decree from a different action. (Compl. [filed May 2, 2003].) Defendant moved for summary judgment on *res judicata* grounds on January 21, 2004. (Def.'s Mot. for Summ. J. on Res Judicata Grounds [filed Jan. 21, 2004].) Plaintiff, still represented by counsel, responded to this motion by moving to dismiss without prejudice, and did not contest any of Defendant's factual averments or legal arguments. (Resp. to Summ. J. — Mot. to Dismiss Without Prejudice [filed Feb. 20, 2004].)

In an order and memorandum of decision filed on August 30, 2004, I granted Defendant's motion for summary judgment and denied Plaintiff's motion to dismiss without prejudice. (Order and Mem. of Decision [filed Aug. 30, 2004].) As part of this order and memorandum of decision, I addressed and the merits of Defendant's legal analysis and held that Defendant's argument was valid, even though Plaintiff did not contest the validity of Defendant's analysis. (*Id.*) Thereafter, I entered final judgment in favor of Defendant and against Plaintiff, dismissing all of Plaintiff's claims with prejudice, and permitting Defendant to have its costs. (Final J. [filed Aug. 31, 2004].)

On September 14, 2004, the clerk taxed costs in favor of Defendant for $1636.55. (Def.'s Resp. to Pl.'s Rule 54 Mot. to Review J. Costs, Ex. A [Bill of Costs] [filed Sept. 24, 2004].) On September 20, 2004, Plaintiff, *pro se*, filed an objection to the clerk's taxation of costs. (Pl.'s Rule 54 Mot. to Review J. Costs and Final J. Order [filed Sept. 20, 2004] [hereinafter "Pl.'s Rule

54 Mot."].) On the same day, Plaintiff moved for relief from judgment pursuant to Rule 60. (Pl.'s Rule 60 Mot. for Relief From Judgment or Order [filed Sept. 20, 2004] [hereinafter "Pl.'s Rule 60 Mot."].) Defendant has responded to both motions, but Plaintiff has not filed a reply with respect to either of her motions. (*See* Def.'s Resp. to Pl.'s Rule 54 Mot. to Review J. Costs [filed Sept. 24, 2004]; Def.'s Resp. to Pl.'s Rule 60 Mot. for Relief From J. or Order [filed Sept. 29, 2004].) On September 30, 2004, despite her pending motions in this court, Plaintiff filed a notice of appeal. (Notice of Appeal [filed Sept. 30, 2004].)

On October 14, 2004, Defendant moved for Rule 11 sanctions on Plaintiff's Rule 60 motion. (Mot. for Sanction Pursuant to Fed. R. Civ. P. 11 [filed Oct. 14, 2004] [hereinafter "Def.'s Rule 11 Mot."].) Plaintiff has not responded to this motion. On June 17, 2005, the Tenth Circuit affirmed the August 30, 2004 order and memorandum of decision granting summary judgment for Defendant. *Montabon v. City and County of Denver*, No. 04–1399, 2005 WL 1415563 (10th Cir. June 17, 2005) (unpublished). Below, I address each motion pending before this court in turn.

## *2.   Plaintiff's Rule 54 Motion*

Plaintiff objects to the clerk's taxation of costs. (Pl.'s Rule 54 Mot.) Specifically, Plaintiff argues that the clerk assessed the full costs for Defendant of Plaintiff's deposition, when Defendant's summary judgment motion only cited to her first day of testimony from her two day deposition. (*Id.*) Rule 54(d)(1) provides that

> costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Civ. Proc. 54(d)(1) (2004). The party seeking costs bears the burden of establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002). Once the clerk has made his decision regarding the taxation of costs, "the party objecting to the clerk's taxation has the burden of persuading the court that it was improper." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2679 (3d ed. 1998); *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005).

28 U.S.C. § 1920 sets forth the particular costs that the clerk may tax. 28 U.S.C. § 1920 (2004). These costs include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). When a deposition was reasonably necessary to the litigation, the resulting costs are generally allowable. *Ramos v. Lamm*, 713 F.2d 546, 560 (10th Cir. 1983); *Karsian v. Inter-Reg'l Fin. Group, Inc.*, 13 F. Supp. 2d 1085, 1088 (D. Colo. 1998). A deposition was reasonably necessary to the litigation if the court considered the deposition testimony in deciding a summary judgment motion. *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997).

Here, although Defendant relied upon Plaintiff's deposition in its summary judgment motion, (*see* Def.'s Mem. Br. in Supp. of Mot. for Summ. J. on Res Judicata Grounds at 2, 4 [filed Jan. 20, 2004]), Plaintiff argues that this reliance on her deposition only dealt with the first day of her two day deposition. (Pl.'s Rule 54 Mot.) Accordingly, Plaintiff asserts that she should not be responsible for the costs of the second day of her deposition. (*Id.*) Although Defendant may have only cited to the first day of Plaintiff's two day deposition in its summary judgment brief, Defendant is still entitled to all of its costs regarding Plaintiff's deposition. 28

U.S.C. § 1920(2) permits the prevailing party costs "for all" of the deposition transcript. 28 U.S.C. § 1920(2). Plaintiff has pointed to no legal authority that supports the proposition that simply because the prevailing party only used a portion of a deposition it would only be entitled to the costs with regards to that portion of the deposition. There are virtually no cases in which the prevailing party cites to every part of a deposition. A rule that would require the clerk or the court to divide up the costs within each deposition in order to award costs only for the pertinent parts of the deposition would be unworkable. Rather, the preferable rule is that so long as a party's use and the court's consideration of a deposition is not *de minimus*, then the prevailing party should be compensated for the costs of the entire deposition. Such a rule is consistent with the language of 28 U.S.C. § 1920(2). Accordingly, the clerk did not err in taxing the full costs of Plaintiff's deposition.

### 3.     *Plaintiff's Rule 60 Motion*

Plaintiff moves for relief from judgment pursuant to Rule 60(b). (Pl.'s Rule 60 Mot.) Rule 60(b) provides that

> [o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

Fed. R. Civ. Proc. 60(b) (2004). "Relief under Rule 60(b) is discretionary and is warranted only

in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff's motion, which is largely rambling and incoherent, appears to set forth two possible arguments in support of Rule 60(b) relief: (1) Plaintiff did not have an opportunity to be heard in the state court proceedings, and (2) the state court proceedings do not have an effective appeals process. (Pl.'s Rule 60 Mot.) I will assume, *arguendo*, in the following analysis that there is at least a scintilla of legitimacy to these arguments.

Plaintiff has not demonstrated how these issues fall within the purview of Rule 60(b). These are issues Plaintiff could have raised prior to the entry of judgment, but did not. Indeed, a review of Plaintiff's Rule 60 motion deals almost entirely with occurrences prior to January 21, 2004, the date that Defendant filed its motion for summary judgment in this case.[2] Plaintiff has not shown mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct, or any other grounds for relief under Rule 60(b). Accordingly, I deny Plaintiff's Rule 60 motion.

### *4. Defendant's Rule 11 Motion*

Defendant moves for Rule 11 sanctions. (Def.'s Rule 11 Mot.) Rule 11 provides that

> By presenting to the court . . . [a] written motion . . . an attorney
> or unrepresented party is certifying that to the best of the person's
> knowledge, information, and belief, formed after an inquiry
> reasonable under the circumstances, —
> (1) it is not being presented for any improper purpose, such as to
> harass or to cause unnecessary delay or needless increase in the
> cost of litigation;

---

[2]While Plaintiff discusses her medical condition in 2004, this discussion only deals with the alleged reason why she did not file a motion to reconsider.

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Fed. R. Civ. Proc. 11(b) (2004). Courts can sanction attorneys and parties for failing to comply with this rule. Fed. R. Civ. Proc. 11(c). "Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990). In order to impose sanctions, the court must enter specific findings that the party was aware of his or her wrongdoing. *Id.* at 685. With regards to *pro se* litigants, although Rule 11 sanctions apply to *pro se* litigants, courts "may consider the special circumstances of litigants who are untutored in the law." *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989); *cf. Duran v. Carris*, 238 F.3d 1268, 1272–73 (10th Cir. 2001) (discussing in the context of Rule 11 that *pro se* litigants filings are to be given liberal treatment).

Although, for the reasons set forth above, Plaintiff's Rule 60 motion is without merit, I will not impose Rule 11 sanctions against Plaintiff in light of the fact that (1) her motion was *pro se*, and (2) her motion evidenced more of a misunderstanding of federal procedure than a purposefully desire to harass or cause unnecessary delay. Despite the foregoing, I will not rule out the possibility of sanctions at a future time if Plaintiff continues to file motions or pleadings in this case or future cases that have no proper legal or factual support.

5. *Conclusions*

Based on the foregoing it is therefore

ORDERED as follows:

1. Plaintiff's Rule 54 Motion (# 44) is DENIED.

2. Plaintiff's Rule 60 Motion (# 45) is DENIED.

3. Defendant's Rule 11 Motion (# 53) is DENIED.

Dated this  13  day of July, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge